# In the United States Court of Federal Claims

No. 25-2133
Filed: January 7, 2026

|  |  |
|---|---|
| JUSTIN PAUL DREILING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

On December 17, 2025, Justin Paul Dreiling, proceeding *pro se*, filed a complaint with this Court alleging that certain actions taken by the Judicial Council of the Federal Circuit prevented United States Circuit Judge Pauline Newman from participating in various proceedings in the United States Court of Appeals for the Federal Circuit. *See* Compl. ¶¶ 6, 17–21, ECF No. 1. According to Mr. Dreiling, the Judicial Council's decision to restrict Circuit Judge Newman's participation in proceedings before the Federal Circuit supplies a basis for his two claims. *Id*. ¶¶ 22–34, 35–45.

On December 19, 2025, the Court issued an order to show cause, noting that it "seriously doubts that it has jurisdiction over Mr. Dreiling's claims" because the Court of Federal Claims can only exercise jurisdiction over money-mandating claims against the federal government. *See* Dec. 19, 2025 Order, ECF No. 4 at 1. In contrast, the claims asserted in Mr. Dreiling's complaint— founded upon §§ 332(a)(1) and 354(a)(2)(A)(i)—do not supply money-mandating claims against the United States. *See* 28 U.S.C. § 332(a)(1) (specifying that the chief judge of each judicial circuit shall hold meetings of the judicial counsel "at least twice in each year"); 28 U.S.C. § 354(a)(2)(A)(i) (outlining the actions that the judicial council can take upon receiving a complaint against a judge under 28 U.S.C. § 353). The show cause order also directed Mr. Dreiling to submit a response identifying which "money-mandating source or sources of law he is invoking and explain why this Court has jurisdiction over this case." *Id*.

On January 5, 2026, Mr. Dreiling filed a response to the Court's order to show cause. *See* ECF No. 5. In his response, Mr. Dreiling argues that the Court retains jurisdiction over Count I because that claim alleges that § 354(a)(2)(A)(i) "is contrary to the manifest tenor of the Constitution." *Id*. at 37. For Count II, Mr. Dreiling argues that jurisdiction is proper in this Court because that claim "is based on the fact the Judicial Council of the Federal Circuit improperly executed a law of Congress." *Id*.

- 2 -

After careful review, the Court concludes that it lacks subject-matter jurisdiction over both of Mr. Dreiling's claims as neither claim provides a money-mandating cause of action against the federal government.  The Court accordingly **DISMISSES** Mr. Dreiling's complaint, ECF No. 1, **WITHOUT PREJUDICE** under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge